IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CORNERSTONE GROUP AAF
PARKVIEW APTS,

        Plaintiff,

v.

STEPHEN FREEMAN,

        Defendant.

CIVIL ACTION NO.
1:15-CV-3161-TWT-LTW

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Stephen Freeman's request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). Docket Entry [1]. The Affidavit of Poverty indicates that Freeman is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Freeman's application for leave to proceed *in forma pauperis* is **GRANTED**. Docket Entry [1]. For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County.

### PROCEDURAL BACKGROUND FACTS

In August 2015, pursuant to Georgia law, Plaintiff The Cornerstone Group AAF

Parkview Apts (hereinafter "Cornerstone"), filed a dispossessory proceeding in the Magistrate Court of Cobb County in an attempt to evict Freeman for failure to pay rent. (Doc. 1-1, at 6). Freeman removed the matter to this Court and argues that the Court has federal question jurisdiction over the matter because Cornerstone's dispossessory complaint is artfully pled in that Cornerstone omitted to plead compliance with the Civil Rights Act of 1968[1] and that Cornerstone "has multiple habitability issues including running water and doors that shake and vibrate when the air conditioning is running." Freeman argues that removal was proper pursuant to 28 U.S.C. § 1446. Freeman's defenses under to federal law do not give him the authority to remove this action.

## LEGAL ANALYSIS

Based on this Court's review of the pleadings, it is clear that the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction sua sponte whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in

---

[1] Title VIII of the Civil Rights Act of 1968 is the Fair Housing Act.

2

controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

It is readily apparent to this Court that federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, Cornerstone relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of Cobb County to seek possession of Freeman's residence for failure to pay rent. (Docket Entry [1-1], p. 2). No federal question is presented on the face of Cornerstone's Complaint. Jurisdiction over the

3

initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-49, et seq. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. In Freeman's Notice of Removal, he cursorily claims that Cornerstone failed to allege compliance with the Civil Rights Act of 1968. (Docket Entry [1-1], p. 1-3). A federal question present in a defense, however, is not a proper basis for removal of a Complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 n.20 (11th Cir. 2010).

Moreover, Freeman has not included any facts in his Petition for Removal of Action to support the existence of diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). Neither Freeman's Petition for Removal nor Cornerstone's Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. Cornerstone simply seeks possession of the rental premises and past due rent in an amount that falls well below the jurisdictional threshold. (Doc. 1-1, at 5). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home

4

Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002).

Finally, Freeman's argument that the Court has jurisdiction because Cornerstone's dispossessory action was artfully pled to avoid a substantial federal issue or claim is also without merit. Freeman misunderstands the meaning of the term artful pleading. Artful pleading has been defined as "a plaintiff's disguised phrasing of a federal claim as solely a state law claim in order to prevent a defendant from removing the case from state court to federal court." Sapp v. AT&T Corp., 215 F. Supp. 2d 1273, 1275 n.2 (M.D. Ala. Aug. 15, 2002) (citing Black's Law Dictionary 1174 (7th ed. 1999)); see also Jones v. Bankboston, N.A., 115 F. Supp. 2d 1350, 1354 (S.D. Ala. Oct. 2, 2000). Even assuming arguendo that it was a violation of federal law for Cornerstone to omit to allege compliance with the Civil Rights Act of 1968 in its dispossessory pleading, it does not follow that Cornerstone was actually pursuing a federal claim disguised as a state law dispossessory proceeding. Accordingly, the Complaint has not been "artfully pled," the only possible federal claim present in this case would be a federal counterclaim or defense, and thus, artful pleading does not provide a basis for federal question removal jurisdiction. Because Freeman has not established a basis for removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County.

5

## CONCLUSION

Based on the foregoing reasons, Defendant Freeman's motion to proceed *in forma pauperis* is **GRANTED**. Docket Entry [1]. Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 16 day of November, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)